ELLIS, Judge.
This is an appeal from a judgment recognizing Robert C. St. John, Jr., plain tiff-appellee, as beneficiary of Mrs. Florence May St. John, under the Louisiana Retirement Act and awarding plaintiff the amount *329 of $56.09 per month from August 7, 1961 and so long thereafter as plaintiff shall live.
There is no serious dispute between the plaintiff and defendant as to any material fact in the case, and the only question presented is whether plaintiff is entitled to receive retirement benefits in accordance with Option Two of LSA-Revised Statute 42:-602, or whether he would be entitled to receive a lump sum payment of the total contributions of the deceased, Florence May St. John, in pursuance of LSA-Revised Statute 42:633.
The deceased, Florence May St. John, became a member of the Louisiana State Employees’ Retirement System on or about January 1, 1947, and continued to be a member of the system up to the time of her death on July 16, 1961. She had a total creditable service of twenty years, including service prior to July 1, 1947.
On June 30, 1961, Mrs. St. John made an application for retirement when she elected to have her retirement benefits pay in accordance with Option Two of LSA-Revised Statutes 42:602, for which purpose she designated plaintiff-appellee, her nephew, as beneficiary under the said Option. This application was forwarded to the Retirement System Officer where it was marked “received” as of July 7,1961. On July 16, 1961, Mrs. St. John died and the present question developed.
LSA-Revised Statute 42:602 is quoted in part as follows:
“Upon application for retirement, any member may elect to receive his benefit in a retirement allowance payable throughout life, or he may elect at that time to receive the actuarial equivalent of his retirement allowance in a reduced retirement allowance payable throughout life with the provision that:
* * * * * *
“Option 2. Upon his death, his reduced retirement allowances shall be continued throughout the life of and paid to the person he nominated by written designation duly acknowledged and filed', with the board of trustees at the time o£ his retirement; or
******
“No option shall become effective until thirty days after application for retirement and no change in the option selected shall be permitted after the application has been officially filed with the board.”
Counsel for defendant-appellant contends that since the application was filed with the retirement office on July 7, 1961, and since Mrs. St. John died on July 16, 1961, the option selected was invalid and of no effect.
“No option shall become effective until thirty days after application for retirement and no change in the option selected shall be permitted after the application has been officially filed with the board.” (Emphasis added.)
Defendant further contends that plaintiff as the deceased member’s designated beneficiary is entitled to receive a lump sum payment of the total contribution made by the deceased member, namely, One Thousand Seven Hundred Sixty-five and 45/100 Dollars ($1765.45), since it is defendant’s contention that the option selected did not become effective and could not become effective prior to August 7, 1961.
The question presented appears to be res novo in the State of Louisiana, and we must therefore first look to the Louisiana Retirement Act for a solution. Sub-Part A of LSA-Revised Statute 42:582 provides in part as follows:
“Any member upon withdrawal from service, upon or after attainment of the age of sixty years, who shall have completed at least ten years of creditable service * * * shall be entitled to receive a retirement allowance which shall begin as of the date the member’s application for the said allowance is received by the board, but in no event before withdrawal from service * * ”,
*330 Mrs. St. John’s application for retirement establishes June 30, 1961 as the date of withdrawal from service, and her application was received by the board on July 7, 1961. Therefore, it would appear to be clear that Mrs. St. John as a qualified member became entitled to a retirement allowance upon the date of her withdrawal from service, but such allowance would not begin until the application for retirement was received by the board, that is on July 7, 1961.
As previously noted, LSA-Revised Statute 42:602 provides that a member may elect to have the retirement allowance paid pursuant to any one of four options designated therein. It is established that Mrs. St. John exercised Option Two and elected that upon her death a reduced retirement allowance would be continued throughout the life of and paid to the plaintiff-appellee herein. This brings us to the last paragraph of LSA-Revised Statutes 42:602 which provides that no option shall become effective until thirty days after application for retirement and no change in the option selected shall be permitted after the application has been officially filed with the Board.
From a consideration of the Louisiana Retirement Act as a whole, and specifically the provisions thereof above quoted, it is our opinion that a qualified member becomes entitled to the retirement allowance upon the date of his withdrawal from service, but such allowance does not begin until the date the application for retirement is received by the board. Therefore, Mrs. St. John became entitled to the retirement allowance on June 30, 1961, the date of her withdrawal from service, but her retirement allowance was not to begin until July 7, 1961, the date of receipt of her application by the board. Since Mrs. St. John elected one of the options provided in LSA-Revised' Statute 42:602, the retirement allowance was deferred for a period of thirty days, or until August 7, 1961.
Although it is reasonable to argue that the language “[n]o option shall become effective until thirty days * * * ” means in actual operation, we do not feel such was the intent and purpose of the act. Our view is that the thirty day period set out in LSA-Revised Statutes 42:602 is merely a period for administrative processing of the application providing time for computation of benefits, etc. We do not believe that it was the intent and purpose of the act to, in effect, deny a qualified member the immediate right to elect to receive her benefits pursuant to one of the option plans. Also, once the applicant for retirement has elected an option and filed same with the board, the applicant by the very terms of the act is precluded from making any changes in the option selected. This in itself supports the view that at the moment'an application is received by the retirement officer, the applicant or his properly designated beneficiary is entitled to receive payment under the designated option, which payments do not begin, however, until thirty days after receipt of the application by the retirement office.
LSA-Revised Statute 42:633, the particular act which counsel for defendants contend plaintiff should be paid under, deals only with two situations. This section provides that upon withdrawal from service any member who was not entitled to a retirement allowance would be paid a refund of the amount of accumulated contributions. This section deals secondly with the situation where a member dies prior to retirement and provides that the accumulated contributions to his credit in the annuity savings account shall be payable on demand to his designated beneficiary or otherwise to his estate. Mrs. St. John would not come under the first provision although she had withdrawn from service on June 30, 1961 she was entitled to a retirement allowance. The second provision of the section would not be applicable since she effectively withdrew from service on June 30, 1961, made application for retirement, which was received on July 7, 1961, and her death did not occur until July 16, 1961.
*331 To summarize, we are of the opinion that a qualified member is entitled to receive his retirement allowance and is effectively in retirement as of the date the member’s application is received by the retirement board;[1] that when one of the options as provided for in Article 42:602 of LSA-Revised Statutes is exercised, benefits are withheld for a period of thirty days after filing said option with the board; that the option once filed with the board is irrevocable and entitles the member and beneficiaries designated therein to the appropriate retirement benefits selected; and that the thirty day period set out in the last paragraph of LSA-Revised Statutes 42:602- has for its purpose the necessary time required in processing the application and computation of entitlements of the member and his beneficiary.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.

. LSA-Revised Statutes 42:582.