SAVOY, Judge.
Appellants have appealed from a judgment of the district court granting appellee, widow of a deceased school teacher, certain monthly benefits for life under the Teachers’ Retirement System of Louisiana.
The facts are virtually undisputed, and the Court is called upon to decide questions of law. The trial judge, in his written opinion, stated that the matter is res nova in Louisiana. Counsel for the parties in the instant case have not cited any cases involving the specific provisions of the statute involved herein.
The decedent, Gaston P. Maillet, had been employed by the Avoyelles Parish School Board for a period in excess of thirty years as an agriculture teacher, and, as such, was a member of the Teachers’ Retirement System of Louisiana at the time of his death and for many years prior thereto.
In 1962, he was advised by his physician that he was suffering from cancer and was bed ridden for several months prior to his death.
On December 21, 1962, he filed an application for disability retirement and in said application agreed to receive smaller benefits under an option granted to him by said act and at his death his widow would receive a certain monthly sum for the remainder of her life. He also asked that his retirement allowance be effective as soon as possible. The application was prepared by the Superintendent of Schools for Avoyelles Parish, was signed by the decedent, and was mailed to appellant’s office in Baton Rouge. On January 14, 1963, appellant mailed a letter to Maillet which advised that he would be retired by the Board of Trustees on January 20, 1963. Maillet was paid by the School Board through January 19, 1963, and contributed to the Teachers’ Retirement System fund to and including that date.
tie died on January 23, 1963. Appellee made a demand for monthly payments. Appellant resisted this demand, taking the position that since her husband died within a period of thirty days from his retirement, she was not entitled to monthly benefits but only to a lump sum settlement. The instant suit followed.
The pertinent provisions of the State Teachers’ Retirement System Act, LSA-R.S. 17:571 et seq., are set out as follows:
Section (19) of LSA-R.S. 17:571:
“ 'Retirement’ means withdrawal from active service with a retirement allow- *9 anee granted under the provisions of this Part”
LSA-R.S. 17:640 declares:
“If a member ceases to be a teacher except by death or retirement under the provisions of this Part, or as provided in R.S. 17:632 and R.S. 17:633, he shall be paid such part of the amount of the accumulated contributions standing to the credit of his individual account in the annuity fund as he shall demand. In the event of death prior to retirement, the accumulated contributions to a member’s credit in the annuity savings account shall be payable on demand to his designated beneficiary, if any, otherwise to his estate, unless benefits are payable to a surviving spouse under the provisions of R.S. 17:631.1. The payment of any such refund to a member of the retirement system who has withdrawn from service, or the payment of any such refund to the member’s designated beneficiary, if any, or the estate of a deceased member shall discharge all obligations of the retirement system on account of any creditable service rendered by the member prior to payment of the refund, and acceptance of such a refund by a member who has withdrawn from service or by the member’s designated beneficiary, if any, or the estate of a deceased member shall constitute a release of all accrued rights of every kind and nature against the retirement system. As amended Acts 1956, No. 457, § 2.”
LSA-R.S. 17:641 declares:
“With the provision that no optional selection shall be effective in case a beneficiary dies within thirty days after retirement, and that such a beneficiary shall be considered as an active member at the time of death, until the first payment on account of any benefit becomes normally due, any member may elect to receive his benefit in a retirement allowance payable throughout life, or he may elect to receive the actuarial equivalent at that time of his retirement allowance in a reduced retirement allowance payable throughout life with the provisions that:
“Option 1. If he dies before he has received in annuity payments the present value of his annuity as it was at the time of his retirement, the balance shall be paid to his legal representatives or to any person he shall designate in a written instrument acknowledged and filed with the board of trustees; or
“Option 2. Upon his death, his reduced retirement allowance shall be continued throughout the life of and paid to any person he shall designate in a written instrument acknowledged and filed with the board of trustees at the time of his retirement; or
“Option 3. Upon his death, one-half of his reduced retirement allowance shall be continued throughout the life of and paid to any person he shall designate in a written instrument acknowledged and filed with the board of trustees at the time of his retirement; or
“Option 4. Some other benefit or benefits shall be paid either to the member or to any person or persons he shall designate provided, such other benefit or benefits, together with the reduced retirement allowance, shall be certified by the actuary to be of equivalent actuarial value to his retirement allowance, and approved by the board of trustees.”
The position of counsel for appellant is that since Gaston P. Maillet retired on January 20, 1963, and died on January 23, 1963, his widow may only receive a lump sum settlement from appellant because under the provisions of LSA-R.S. 17:641 no optional selection shall become effective within thirty days after retirement.
*10 Counsel for appellee states that the retirement of Maillet became effective on the date he filed his application for retirement, namely, December 21, 1962, and his election to exercise Option 2 under the provisions of LSA-R.S. 17:641 was valid since it was exercised thirty days prior to his death, and his widow is entitled to the benefits allowed under Option 2 of LSA-R.S. 17:641.
The district judge decided the instant case in favor of appellee on the basis of the decision in the case of St. John v. Board of Trustees, Louisiana State Employees’ Retirement System, (La.App., 1 Cir., 1963), 150 So.2d 328. The Act is incorporated in LSA-R.S. 42:541 et seq.
LSA-R.S. 42:543, Section 23, defines the term “withdrawal from service” rather than “retirement” as used in the Act in the instant case. “Withdrawal from service” is defined as complete severance of employment in the State service of any member by resignation, dismissal or discharge.
In the St John case, supra, Florence May St John became a member of the Louisiana State Employees’ Retirement System in 1947, and continued to be a member until her death on July 16, 1961. On June 30, 1961, she made an application for retirement and elected to have her retirement pay benefits in accordance with Option 2 of LSA-R.S. 42:602, for which purpose she designated her nephew as beneficiary.
LSA-R.S. 42:602 is. quoted in part as follows:
“Option 2. Upon his death, his reduced retirement allowances shall be continued throughout the life of and paid to the person he nominated by written designation duly acknowledged and filed with the board of trustees at the time of his retirement; or
* * * * * *
“No option shall become effective until thirty days after application for retirement and no change in the option selected shall be permitted after the application has been officially filed with the board.”
The board resisted payment. After a trial on the merits, the district court decided in favor of the nephew, and the board appealed. The decision was affirmed by the Court of Appeal. In its opinion, the court said:
“From a consideration of the Louisiana Retirement Act as a whole, and specifically the provisions thereof above quoted, it is our opinion that a qualified member becomes entitled to the retirement allowance upon the date of his withdrawal from service, but such allowance does not begin until the date the application for retirement is received by the board. Therefore, Mrs. St. John became entitled to the retirement allowance on June 30, 1961, the date of her withdrawal from service, but her retirement allowance was not to begin until July 7, 1961, the date of receipt of her application by the board. Since Mrs. St. John elected one of the options provided in LSA-Revised Statute 42:602, the retirement allowance was deferred for a period of thirty days, or until August 7, 1961.
“Although it is reasonable to argue that the language ‘[n]o option shall become effective until thirty days * * * ’ means in actual operation, we do not feel such was the intent and purpose of the act. Our view is that the thirty day period set out in LSA-Revised Statutes 42:602 is merely a period for administrative processing of the application providing time for computation of benefits, etc. We do not believe that it was the intent and purpose of the act to, in effect, deny a qualified member the immediate right to elect to receive her benefits pursuant to one of the option plans. Also, once the applicant for retirement has elected an option and filed same with the board, the applicant by the very terms of the act is pre- *11 eluded from making any changes in the option selected. This in itself supports the view that at the moment an application is received by the retirement officer, the applicant or his properly designated beneficiary is entitled to re- ' ceive payment under the designated option, which payments do not begin, ' however, until thirty days after receipt of the application by the retirement office.”
The only distinguishing feature between the instant case and the St. John case, supra, is that in Option 2 of LSA-R.S. 42:602 once the option has been exercised it cannot be revoked; whereas, in LSA-R.S. 17:641, the act is not specific as to whether once the option is exercised it may be revoked.
It was testified at the trial by an official employed by appellant that persons belonging to the Teachers’ Retirement System might transfer to the Louisiana Employees’ Retirement System, or vice versa, with the approval of the respective boards.
In our opinion the act in the instant case should be given a liberal interpretation.
The record reveals that due to Mr. Mail-let’s serious illness he had been forced to retire from active service with the Avoyel-les Parish School Board several months before his death. He had been bedridden and unable to teach.
We are of the opinion that when Gaston P. Maillet completed the form required by appellant board on December 21, 1962, and selected Option 2 of LSA-R.S. 17:641 his retirement became effective on that date; and, if not on that date, certainly on January 14, 1963, when his application was approved by the board. The thirty day period mentioned in LSA-R.S. 17:641 is, in our opinion, merely an administrative delay granted to the board to process the claim and compute the monthly benefits which a person would be entitled to under the provisions of the Act.
For the reasons assigned, the judgment of the district court is affirmed. Appellant to pay all costs.
Affirmed.