BOLIN, Judge.
David R. Hearn and Henry I. Schober, retired employees of the Caddo Parish Tax Assessor’s Office, brought suit seeking a declaratory judgment as to their rights to receive increased retirement benefits under Act 93 of the Louisiana Legislature of 1966, which amended La.R.S. 47:1918. Made defendant was the Board of Trustees of the Assessors’ Retirement Fund and citation *125 was made on the Board through John Madison Smith, President, at Bastrop, Morehouse Parish, Louisiana. Defendant filed an exception to the venue alleging the Board was domiciled in the Parish of East Baton Rouge, Louisiana, and the action should have been instituted in such parish or in the parish where the cause of action arose. The exception was overruled following which the case was submitted on the merits under an agreed stipulation of facts resulting in judgment in favor of plaintiffs and against defendant, declaring plaintiffs to be entitled to increased benefits under the 1966 Act and defendant appeals.
On appeal defendant re-urges its declina-tory exception of venue. Defendant offered no evidence to support the exception and the trial court based its ruling on the allegations of the petition and the return on the citation of service. Plaintiffs asserted in their petition that they were residents of and domiciled in Caddo Parish, Louisiana; that they each had retired from the Caddo Parish Tax Assessor’s Office on January 1, 1965, after thirty-two years continuous employment; that each had been paid benefits under Act 98 of 1960; that Act 93 of 1966 increased their retirement benefits and they were entitled to a judgment declaring them eligible to receive benefits under the 1966 Act.
Louisiana Revised Statutes 47:1913 created the Board of Trustees of the Assessors’ Retirement Fund and vested the Board with the power to administer the fund. The proper venue for a suit against a state agency is set forth in La.R.S. 13:5103, subd. A:
******
“All suits authorized by the Louisiana Legislature to be filed against the State of Louisiana or any board, commission, department or agency of the State of Louisiana may be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.”
******
This suit having been filed in Caddo Parish the issue presented under the exception is whether the cause of action arose in such parish.
In the instant case defendant had an obligation to come forward with sufficient evidence to support the exception to the venue unless it wished to stand on the allegations of plaintiffs’ petition and the return on the citation. We conclude that plaintiffs, having alleged their domicile, employment and receipt of retirement benefits in Caddo Parish, have stated grounds sufficient to allow the District Court of Caddo Parish to declare their rights as affected by the act in question. See La. C.C.P. Articles 1871 and 1872. We therefore hold the lower court was correct in overruling the declinatory exception of venue.
On the merits the question is whether the 1966 Act is to be applied retroactively so as to entitle plaintiffs to the increased retirement benefits thereunder even though they had retired and commenced drawing benefits on January 1, 1965.
Normally statutes are applied prospectively unless the contrary be expressly stated. The exception to this rule of statutory construction relates to remedial legislation. Statutes governing pension funds are generally held to be remedial and, as such, should be liberally construed. Miller v. City of Shreveport, (La.App. 2 Cir. 1956. Cert. den.) 90 So.2d 565; Maillet v. Board of Trustees, Teachers’ Retirement System, 248 La. 964, 183 So.2d 321 (1966).
Act 93 of 1966, after setting forth the retirement benefits and the method for drawing same, makes the following provision in Section 5(e):
“Provided further, that no retirement or surviving spouse benefits being paid *126 prior to August 1, 1960 shall be added to or subtracted from by reason of the provisions of R.S. 47:1918(b) and (f).” (Emphasis supplied)
Provisions (b) and (f) referred to are those increasing- the benefits and a reasonable interpretation of Section 5(e), supra, is that it was the intention of the lawmakers to make these new benefits applicable to those who retire after August 1, 1960. Had this not been intended there would have been no necessity for incorporating Section 5 (e) in the statute.
For the reasons assigned the judgment appealed from is affirmed and appellant is cast with such costs as it is legally obligated to pay.
Affirmed.