BAILES, Judge.
Relator instituted this action seeking alternative writs of mandamus directed to Honorable A. Clayton James, Louisiana State Bank Commissioner, to compel the issuance of a small loan license. The alternative writ was issued. After hearing, the trial court rendered judgment dismissing relator’s demand for the peremptory writ of mandamus. On appeal to this Court the matter was remanded to the court a quo for further proceedings for reasons not pertinent to this discussion. 198 So.2d 693. Limited certiorari was directed to us in order that the Supreme Court might review that determination. 250 La. 985, 200 So.2d 667. The matter was remanded to us for this decision on the merits. 251 La. 91, 207 So.2d 389.
The petition recites the following allegations: Citizens Finance Company of Hammond, Inc. applied to the Honorable A. Clayton James, Louisiana State Bank Commissioner, for the issuance of a small loan license, LSA-R.S. 6:571 et seq., and in due time complied with all requirements provided by law. The license was not issued and relator alleges that the refusal was arbitrary and without probable cause. The trial court, finding that issuance of a small loan license was a matter of discretion vested in the State Bank Commissioner and that there was no abuse of that discretion in the refusal of the license to relator, recalled the alternative writ of mandamus and dismissed the demand.
The action sought to be required of respondent Commissioner is, without question, discretionary. LSA-R.S. 6:575 provides that an investigation of the facts concerning each application for a small loan license be conducted by the Commissioner. It then sets out three primary areas on which the investigation should be focused, to wit: the ability of the applicant to command public respect and to warrant belief that the business will be lawfully operated, the applicant’s ability to promote the convenience and advantage of the community in which the business is to be located and the availability of required liquid assets. The section provides that if the Commissioner finds the applicant can meet these standards then he shall grant the application and issue the license. If, on the other hand, he does not find the applicant qualified he must deny the application. We can think of few matters which involve more discretion than that of conducting an investigation and drawing conclusions therefrom. The issuance of a small loan license is therefore neither a mandatory duty nor a duty purely ministerial in nature.
Recently, in the case, State ex rel. Hayes v. Louisiana State Board of Barber Examiners, La.App., 208 So.2d 369, writs denied by the Supreme Court on May 17, 1968, in La., 210 So.2d 53, we pointed out that our Code of Civil Procedure contains no authority by which we can compel a public official or board to perform a discretionary act. Though formerly mandamus was a proper method of compelling the performance of discretionary duties when there had been a gross abuse of the discretion vested in a public official, our present Code of Civil Procedure does not retain this jurisprudential rule. LSA-C.C.P. Art. 3863 provides unequivocally that mandamus will lie only to compel the performance of a ministerial duty required by law.
Inasmuch as the trial court was without power to order the issuance of a small loan license to relator, judgment dismissing that *66 demand was compelled. The judgment appealed from is affirmed. Plaintiff-relator to pay all court costs.
Affirmed.