276 So.2d 714 (1973)
Roscoe H. WHITE et al.
v.
The BOARD OF TRUSTEES OF the TEACHERS' RETIREMENT SYSTEM OF LOUISIANA et al.
No. 9269.
Court of Appeal of Louisiana, First Circuit.
March 19, 1973.
Rehearing Denied May 14, 1973.
Writ Refused June 29, 1973.
*715 Kenneth C. DeJean and William T. Reeves, Special Counsel, Attorney General's Office, Baton Rouge, for appellants.
Joseph C. LeSage, Jr., John R. Pleasant, Henry A. Politz, and Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellees.
Before LANDRY, TUCKER and PICKETT, JJ.
PICKETT, Judge.
This is a class action instituted by Roscoe H. White and ten other former Louisiana school teachers, now retirees under the Teachers' Retirement System of Louisiana, allegedly, representing themselves, individually, as members of the Teachers' Retirement *716 System of Louisiana, and each and all other members thereof, who retired prior to July 1, 1969, against the Board of Trustees of the Teachers' Retirement System of Louisiana, Ellis A. Brown, Chairman, and N. B. Hackett, Secretary-Treasurer of said System, in which they seek a mandamus against the defendants, ordering the payment to each retiree of the class they represent the retirement benefits authorized by Act 8 of 1971, covering the period from July 1, 1969, through June 30, 1971. From an adverse judgment in the district court, the defendants have appealed; and the plaintiffs have answered the appeal.
By Act 28 of 1970, the Louisiana Legislature amended LSA-R.S. 17:635 to provide increased retirements to teachers who retired after July 1, 1969, by changing the formula used to compute the retirement benefits. The Louisiana Legislature passed Act 8 of 1971 (LSA-R.S. 17:635.5) which provided for the recomputation of retirement benefits to teachers who retired prior to July 1, 1969, by the same formula that had been provided by Act 28 of 1970 for the computation of retirement benefits for teachers who retired after July 1, 1969. Act 28 of 1970 and Act 8 of 1971 contain virtually the same language, except Act 28 of 1970 applies exclusively to retirees who retired after July 1, 1970, and Act 8 of 1971 applied exclusively to retirees who retired prior to July 1, 1969. The defendants interpreted Act 28 of 1970 to be retroactive to July 1, 1969, but interpreted Act 8 of 1971 to be effective prospectively. The plaintiffs contend Act 8 of 1971 is a legislative mandate to the defendants-appellants to pay them the increased benefits provided in said Act retroactive to July 1, 1969.
In this court defendants-appellants contend that the Trial Court erred in the following particulars:
"The Trial Court erred in finding that the action of mandamus was the proper vehicle by which to pursue this cause.
The Trial Court erred as a matter of law in finding that Act 8 of 1971 should be applied retroactively to cover the period of July 1, 1969 to June 30, 1971."
The issues involved is whether the provisions of Act 8 of 1971 are retroactive so as to entitle teachers who retired prior to July 1, 1969, to the increased retirement benefits from July 1, 1969 to June 30, 1971; and if so, is the action of mandamus the proper remedy to enforce such right.
The defendants vigorously contend that the extraordinary writ of mandamus will not lie in this case because the actions sought to be required of the defendants are not merely ministerial, but involve a significant use of judgment and discretion. LSA-C.C.P. Art. 3863 definitely provides that mandamus will lie only to compel a public officer to perform a ministerial duty. However, the plaintiffs allege and argue that the refusal of the defendants to pay benefit allowances authorized by Act 8 of 1971 constitutes a failure on their part to perform ministerial duties provided by law. The general rule as to the scope of the remedy of mandamus is stated in 55 C.J.S. Verbo Mandamus § 133, as follows:
"As a general rule mandamus is not available to review or control the acts of public officers and boards in respect of matters as to which they are vested with discretion."
The first issue to be determined is whether the acts that plaintiffs are attempting to compel the defendants to perform are ministerial acts, or discretionary acts. The plaintiffs contend that Act 8 of 1971 is a legislative mandate to the defendants to pay the increased retirement benefits provided for in said Act 8 to retirees who retired prior to July 1, 1969. The pertinent provisions of Act 8 of 1971 are set forth in LSA-R.S. 17:635.5 as follows:
"A. Any member who retired prior to July 1, 1969 may, upon application therefor, elect to have his unused accumulated sick leave converted to membership *717 service in accordance with the provisions of R.S. 17:623.1
B. Any member who retired prior to July 1, 1969 may, upon application therefor, elect to have his retirement allowance recomputed using the provisions of R.S. 17:635 as amended by Act 28 of the 1970 Regular Session; provided, however, that in no case shall any member who so elects be entitled to a total benefit, under all applicable laws, which is in excess of the benefit provided by R.S. 17:635, as amended by Act 28 of the 1970 Regular Session.
C. Any member who retired prior to July 1, 1969 may, upon application therefor, elect to make contributions on all or any of his last five years of accredited service on earnings in excess of sixteen thousand dollars in order to obtain credit on his average salary for his last five years of accredited service.
D. Any member who retired prior to July 1, 1969 who does not elect to have his retirement allowance recomputed as provided in Subsection (B) hereof shall be entitled, upon application therefor, to receive an increase in his monthly retirement allowance equal to one dollar for each year of accredited teaching service for not to exceed thirty years of such service. Added by Acts 1971, No. 8, § 1."
An examination of the above cited statute shows clearly that it is the ministerial duty of the defendants under the provisions of Sub-section A to convert to membership service any unused sick leave of any member who retired prior to July 1, 1969, if such member elects to apply therefor. Likewise, under Sub-section B, any member who retired prior to July 1, 1969, has the right, if he so elects, "to have his retirement allowance recomputed" by "using the provisions of R.S. 17:635 as amended by Act 28 of the 1970 Regular Session," subject to the limitation provided in the act. If a member makes application for the benefits provided in the above cited statute, the defendants have no discretion in the matter. It is their mandatory duty to perform the duties provided in the statute. But the defendants contend that a mandamus is not the appropriate procedure because: "Any retroactive effect of Act 8 of 1971 can only be given through the discretion of the Board of Trustees of the Teachers' Retirement System of Louisiana, * * *." In support of their argument the defendants cite Citizens Finance Company of Hammond v. James, 213 So.2d 64, 65 (La.App.1968), which states:
"Recently, in the case, State ex rel. Hayes v. Louisiana State Board of Barber Examiners, La.App., 208 So.2d 369, writs denied by the Supreme Court on May 17, 1968, in La. [252 La. 169], 210 So.2d 53, we pointed out that our Code of Civil Procedure contains no authority by which we can compel a public official or board to perform a discretionary act. Though formerly mandamus was a proper method of compelling the performance of discretionary duties when there had been a gross abuse of the discretion vested in a public official, our present Code of Civil Procedure does not retain this jurisprudential rule. LSA-C.C.P. Art. 3863 provides unequivocally that mandamus will lie only to compel the performance of a ministerial duty required by law."
According to the argument of counsel for plaintiffs the legal principles cited in the Citizens Finance Company case are not applicable in the instant case, for the reason the determination of the effective date of Act 8 of 1971 is not discretionary with the defendants. They point out that the wording of Act 8 of 1971 when considered in connection with R.S. 17:635 as amended by Act 28 of 1970 is remedial legislation intended by the Legislature to correct an inequity in Act 28 of 1970 which excluded retirees who had retired prior to July 1, 1969, by granting to those who retired prior to July 1, 1969, equal benefits with those who retired subsequent to that date. Act 8 of 1971 does specifically grant *718 retirees who retired prior to July 1, 1969, the right to have their benefits computed according to the formula provided in Act 28 of 1970. Furthermore, in order for those who retired prior to July 1, 1969 to be placed in an equal benefits status with those who retired after that date, such retirement benefits would necessarily have to be retroactive to July 1, 1969. However, the statute does not specify the beginning date of such benefits.
Legislation providing for pension systems is remedial legislation and should be liberally construed. In 70 C.J.S. Verbo Pensions § 2, pp. 425-426, we find:
"Laws creating the right to pensions must be liberally construed with the view of promoting the objects of the lawmaking body; and their force and effect are not to be confined to the literal terms of the statute."
In Miller v. City of Shreveport, La.App., 90 So.2d 565, the court said:
"Statutes which are purely remedial in their nature are not subject to the rule that laws are presumed to operate prospectively and not retrospectively. Oil Well Supply Company v. Red Iron Drilling Company, 1946, 210 La. 222, 26 So.2d 726. Such statutes will be given a retroactive effect in the absence of language showing contrary intention. General Motors Acceptance Corporation v. Anzelmo, 1953, 222 La. 1019, 64 So.2d 417. See also Dowie v. Becker, 1921, 149 La. 160, 88 So. 777 and Bowen v. Board of Trustees of Police Pension Fund, La.App. 1954, 76 So.2d 430. As pointed out in Bowen v. Board of Trustees of the Police Pension Fund, supra, it is essential for the legislature to alter the regulations and requirements of the pension system to keep abreast with actuarial science. Such legislation is, of course, remedial in character."
In Maillet v. Board of Trustees, Teachers' Retirement System of Louisiana, 248 La. 964, 183 So.2d 321, the Supreme Court cited Miller v. City of Shreveport, supra, with approval, and said:
"However, legislation providing for pension systems is remedial (Miller v. City of Shreveport, supra), and must be liberally construed. 70 C.J.S. Pensions § 2, pp. 425-426. Cf. St. John v. Board of Trustees, La. State Emp. Retire. S., La.App., 150 So.2d 328. It is also to be especially noted that the majority of retirement allowances, usually termed pensions, are not gratuities; they are in the form of an annuity to which the employee has made substantial contributions."
The Trial Judge, in his written reason for judgment, very ably pointed out the general rules for statutory interpretation and the exception to the general rules, as follow:
"The general rule of statutory construction is that statutes are applied prospectively unless the contrary is expressly stated. (La.R.C.C. art. La.R.S. 1:2). The exception to this rule of statutory construction is that statutes which are purely remedial in their nature are presumed to operate retrospectively in the absence of language showing a contrary intention. Statutes governing pension funds are generally held to be remedial. (Miller v. City of Shreveport, 90 So.2d 565 (La.App.2d Cir. 1956) cert. denied; Maillet v. Board of Trustees, Teachers' Retirement System, 183 So.2d 321, 248 La. 964 (1966); Hearn v. Board of Trustees of Assessor's Retirement Fund, 204 So.2d 123 (La.App.2d Cir., 1967), writ refused."
Having concluded that Act 8 of 1971 (LSA-R.S. 17:635.5) is remedial legislation, in the absence of language showing a contrary intention, it necessarily follows that its provisions are retroactive. Hence, the defendants are not empowered to fix the effective date of the statute at their discretion. Therefore, all of the duties imposed on the defendants by Act 8 of 1971 are ministerial, and none are discretionary. We find the plaintiffs are entitled to proceed by mandamus, for the reason *719 that all of the acts they seek to have the defendants perform are ministerial.
The amendment of LSA-R.S. 17:635 by Act 28 of 1970, resulted in increasing the retirement benefits of teachers who retired after July 1, 1969, by changing the formula used to compute retirement benefits; but no change was made in the retirement benefits of retirees who retired prior to July 1, 1969. This obviously created an inequitable situation for teachers who retired prior to July 1, 1969. The record is replete with evidence adduced on the trial of this case of the historical background that lead to the passage of Act 8 of 1971 in order to remedy this inequity. But without referring to the legislative history of Act 8 of 1971 (LSA-R.S. 17:635.5) an examination of the statute itself discloses that it contains virtually the same language as Act 28 of 1970, except that Act 8 of 1971 applies exclusively to teachers who retired prior to July 1, 1969, and Act 28 of 1970 applies to teachers who retired after July 1, 1969. Considering the two acts together, it appears that the legislative intent was that Act 8 of 1971 was to remedy the inequity inherent in Act 28 of 1970.
Considering all of the pertinent facts and circumstances disclosed by the record, as well as the law and jurisprudence applicable herein, we conclude that the purpose of Act 8 of 1971 was to make the formula for calculating retirement benefits uniform for all retirees, regardless of when they retired, and grant them equal retirement benefits within the provisions and limitations of that formula. This impartial treatment of all retirees can be accomplished only by making Act 8 of 1971 retroactive to July 1, 1969. Therefore, we conclude the plaintiffs should be paid the retirement benefits as provided by Act 8 of 1971 (LSA-R.S. 17:635.5) retroactively from July 1, 1969 to July 1, 1971.
The plaintiffs have answered this appeal and have asked that the award of attorney's fees be increased. LSA-C.C.P. Art. 595 provides that in a class action suit the court may allow attorney's fees to be paid out of the fund or benefits made available by their efforts. The Trial Court awarded counsel for the plaintiffs attorney's fees in the sum of $5,000.00. It is the established jurisprudence of this State that where there is no express contract fixing the attorneys' fees, they are entitled to remuneration for services rendered on quantum meruit. Herman v. Jambois, La.App., 205 So.2d 63, and cases therein cited. In arriving at a fee for plaintiffs' attorneys, we have taken into consideration the time and labor involved; the nature and extent of the services rendered; the importance of the litigation, together with the responsibility incurred; the learning, experience and skill exercised; the difficulty of the litigation, and the amount involved. The defendant, N. B. Hackett, testified that the retroactive benefits for the plaintiffs under the provisions of Act 8 of 1971 will amount to the sum of approximately five million dollars. With the foregoing considerations in mind, and the facts disclosed by the record, we believe that attorney's fees of two per cent of the amount of recovery for each plaintiff is reasonable and adequate.
For the reasons assigned, it is ordered, adjudged and decreed that defendants pay to the attorneys for the plaintiffs attorney's fees in the amount of two per cent (2%) of the amount recovered by this judgment, which is to be deducted by defendants from the amount due and payable to each plaintiff, and each individual of the class they represent. Otherwise, the judgment appealed from is affirmed. Such costs as may be assessed against defendant Board of Trustees, to be paid by said defendant.
Amended, and as amended affirmed.