342 So.2d 191 (1977)
Goulding William SWIFT, Jr., et al.
v.
STATE of Louisiana.
No. 59106.
Supreme Court of Louisiana.
January 24, 1977.
*192 William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Barbara S. Bruckner, Donald C. Davis, Staff Atty., New Orleans, for defendant-applicant.
Arthur G. Kingsmill, Gretna, for plaintiffs-applicants.
DIXON, Justice.
Plaintiffs, five district judges, seek a declaratory judgment concerning their rights under R.S. 13:8 (Act 305 of 1974). The matter was tried in the district court on the pleadings, and judgment was rendered in favor of the plaintiffs declaring that R.S. 13:8 applies to them; that R.S. 13:8 constitutes retirement benefits and judicial service rights of a judge and is available to the plaintiffs by virtue of Article 5, § 23 of the Louisiana Constitution of 1974; that upon serving eighteen years as a judge of a court of record, plaintiffs will be entitled to retirement benefits under R.S. 13:8, by virtue of at least three years previous military service and the failure to qualify for retirement benefits under any other retirement plan for judges.
Both plaintiffs and defendant joined in an application to this court for writs under our supervisory jurisdiction, citing the urgency of the matter as sufficient reason for expediting a final determination of the issues and justifying the departure from the normal appellate review in such cases (which would require action by the Court of Appeal before application to this court). The urgency is occasioned by R.S. 13:14 which, the applicants allege, fixes January 29, 1977 as the final day on which judges may exercise the option given by the statute to become members of the Louisiana State Employees Retirement System (under Act 518 of 1976, which established a new judicial retirement system, pursuant to the mandate of Article 5, § 23 of the Constitution of 1974).
Prior to the effective date of the Constitution of 1974, judicial retirement was provided for by Article 7, § 8 of the Constitution of 1921, in addition to certain statutory provisions of the Revised Statutes Title 13. The Constitution of 1974 contained only the following provision for judicial retirement:
"Within two years after the effective date of this constitution, the legislature shall provide for a retirement system for judges which shall apply to a judge taking office after the effective date of the law enacting the system and in which a *193 judge in office at that time may elect to become a member, with credit for all prior years of judicial service and without contribution therefor. The retirement benefits and judicial service rights of a judge in office or retired on the effective date of this constitution shall not be diminished, nor shall the benefits to which a surviving spouse is entitled be reduced."
The statutory provisions under which plaintiffs seek a declaratory judgment are contained in R.S. 13:8.[1] That section of the Revised Statutes was enacted as Act 305 of 1974:

ACT No. 305.
House Bill No. 738.
By: Mr. Brinkhaus.

AN ACT
To amend Title 13 of the Louisiana Revised Statutes of 1950, by adding thereto a new section, to be designated as R.S. 13:8, to provide a pension for any person who served as a judge of a court of record for at least eighteen years, who has three years of military service and who does not qualify for retirement benefits under the retirement plan for judges; to provide this pension shall equal two-thirds of the persons salary at the time he ceased to be a judge; to provide a survivor benefit; to provide the pension terminates if the person again assumes the office of judge; to provide another pension when this office ceases; to provide the pension shall be paid from the same source as his salary, and to provide with respect to matters related thereto.
Notice of intention to apply for the passage of this Act has been published and evidence of such publication exhibited to the legislature, both as required by Article XIX, Section 25 of the constitution of Louisiana.
Be it enacted by the Legislature of Louisiana;
Section 1. Section 8 of Title 13 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:
§ 8. Pension for former judges not eligible for retirement benefits
Any person who has served as the judge of a court of record in this state for a period of at least eighteen years and who has at least three years of military service in the armed forces of the United States and who does not, upon the effective date of the section, qualify for retirement benefits under the retirement plan for judges of this state, shall be paid a monthly pension equal to two-thirds of the monthly salary he was receiving at the time he ceased to be a judge. Upon the death of any such person, his surviving spouse shall be entitled to receive the same pension for the remainder of her life. In the event any such person again assumes the office of judge of a court of record in this state, either by election or appointment, his pension authorized hereunder shall terminate. However, after he ceases to occupy such office of judge, he shall be entitled to receive a monthly pension equal to two-thirds of his monthly salary at the time he ceased to occupy such office. The payment of the pension herein authorized shall be made monthly on the warrant of the person and shall be paid from the same source from which the person received his salary as judge.

*194 Section 2. All laws or parts of laws in conflict herewith are hereby repealed. Approved by the Governor: July 12,1974. A true copy:
WADE O. MARTIN, JR.
Secretary of State.
Plaintiffs argue that Act 305 of 1974 constituted "retirement benefits and judicial service rights of a judge in office . . . on the effective date" of the Constitution of 1974, which could not be diminished under the provisions of Article 5, § 23 of the Constitution of 1974. Plaintiffs further argue that they will be eligible for retirement under Act 305 of 1974 when they complete eighteen years of service, because they have already completed three years of military service, but did not, upon the effective date of Act 305 of 1974, qualify for retirement benefits under any other provisions of law.
The State argues that Act 305 of 1974 was unconstitutional, and, further, that it does not apply to the plaintiffs.
The sole argument concerning the constitutionality of Act 305 of 1974 is that it was not within the power of the legislature to enact a statute creating a judicial retirement system different from the one in the Constitution. The position is not well taken. There is no prohibition in the 1921 Constitution against enlarging the retirement benefits for judges. (The 1974 Constitution specifically requires legislation which does not diminish retirement rights of judges). Unless restricted by constitutional provisions, the Constitution of 1921 provided that the legislature was vested with full legislative power (Article 3, § 1, Louisiana Constitution of 1921; see also Article 3, § 1, Louisiana Constitution of 1974), which was limited only by the State and Federal Constitutions. Stovall v. City of Monroe, 199 La. 195, 5 So.2d 547 (1941); Ward v. Leche, 189 La. 113, 179 So. 52 (1938); State v. Toon, 172 La. 631, 135 So. 7 (1931). The historical interpretation of the powers of the legislature in this State is different from that of the legislative powers of the Congress of the United States, whose powers are derived from the United States Constitution. Unlike Congress, our State legislature has all powers of legislation not specifically denied it by the Louisiana Constitution. State v. Cusimano, 187 La. 269, 174 So. 352 (1937).
Consequently, since there is no constitutional provision restricting the power of the legislature to liberalize the judicial retirement system, the legislature possessed full legislative authority to enact R.S. 13:8. Possessing the authority, the legislature has acted, since 1954, to provide retirement benefits for the spouses of deceased judges (R.S. 13:5); for increased retirement pay to previously retired judges (R.S. 13:5.1); for increased retirement benefits to certain widows (R.S. 13:5.2); for supplementary retirement pay to retired judges who are subsequently assigned and who meet other qualifications (R.S. 13:7) and for the resumption of retirement pay for certain judges whose retirement is interrupted by assignment (R.S. 13:9).
The argument that Act 305 of 1974 was an effort to amend a constitutional provision by the legislature is without merit. The act neither amends nor changes the constitutional provisions, which remain intact. Nor is there a constitutional provision which prohibits the legislature from enacting a statute to liberalize certain provisions of the judicial retirement system.
Defendant's most substantial argument is that since the plaintiffs did not possess the three qualifications for retirement under the act (eighteen years judicial service, three years military service, and ineligibility for any other retirement system) upon the effective date of that act, the act does not apply to them, and the plaintiffs are thus not entitled to any benefits under the act. Plaintiffs' interpretation of the act is that, if they did not qualify for retirement benefits under another retirement plan on the effective date of the act, they would be entitled to the pension provided in R.S. 13:8 when they had three years of military service plus eighteen years of judicial service.
Plaintiffs' first argument is syntactical: in R.S. 13:8, the phrase "upon the effective *195 date of the section"[2] separates, and is set off by commas from the clause "who does not qualify for retirement benefits under the retirement plan for judges of this state. . ." Plaintiffs point out that it would have been easy for the legislature to effect the meaning sought by defendant by placing the phrase "upon the effective date of the section" at the beginning of the paragraph, in which case it would clearly appear that no one should be paid benefits under the act unless, upon its effective date, he possessed eighteen years judicial service, three years military service, and was ineligible under another system.
The State, however, argues that other language in the act indicates that it was not intended to apply to the plaintiffs, since they did not possess the required judicial service on the effective date of the act. The act provides: § 8. Pension for former judges not eligible for retirement benefits." Thus, the State contends that only former judges have been granted benefits for military service by the legislature. The State argues that this quoted section is "the title" of the act. This heading is not the title; the title of the act does not appear in the Revised Statutes, but is only found in the act itself. Rather, the quoted lines constitute a convenient heading. Admittedly, in the Revised Statutes, the headnotes appear in black type, and, indeed, might be referred to as "the title" of each section in the Revised Statutes.
The Revised Statutes of 1950 anticipated such a possible construction of headnotes, and specifically provided that headings to sections did not constitute part of the law: "Headings to sections, source notes and cross references are given for the purpose of convenient reference and do not constitute part of the law." R.S. 1:13. As noted in 11 La.L.Rev. 4, 5 (Bennett, Louisiana Revised Statutes of 1950), the headnotes were for convenience and not intended to govern the construction of the statutes:
"Sections 12 and 13 announce the rule that the classification and organization of the Revised Statutes and the headnotes provided for the various sections are purely `for the purpose of convenient reference,' and are not at all intended to govern the construction of the provisions to which they are appended. The section headings well serve as a helpful guide in the use of the Revised Statutes . . ."
A resort to the title of Act 305 of 1974 does not, therefore, improve the position of the State. To the contrary, it would seem to support the position of the plaintiffs. The title to the act expresses its purpose to amend Title 13 of the Revised Statutes "to provide a pension for any person who served as a judge of a court of record for at least eighteen years, who has three years of military service and who does not qualify for retirement benefits under the retirement plan for judges; to provide this pension shall equal two-thirds . . ."
The State next argues that:
". . . while no legislative history is available to support our contention, it is a matter of common knowledge that this statute was enacted to cover the situation of one judge, who had retired as of July 31, 1974, because he was defeated in his bid for re-election. At that time, the judge in Question had three years of military service and eighteen years on the bench and did not qualify for benefits under Article VII, Section 8 of the 1921 Constitution. . . ."
While the record does not reflect this situation, it is possible that the defeat of a judge with the qualifications required by Act 305 of 1974 prompted the introduction of the act. However, nothing is available to this court from which we find that the act was drawn with the exclusive legislative intent to benefit one defeated judge. It would be more accurate to say that it is and was common knowledge that there are other *196 judges in that State with three years military service, and that it is common among retirement systems to provide some advantage for members with military service not available for members without military service.
The State argues that its interpretation of the enactment would also be consistent with the State's public policy to maintain its fiscal integrity. It cannot be argued that the legislature was profligate, or even careless in its obligation to the public fisc. There is nothing before us to show the probable, or even possible, cost to the State of Louisiana from the trial court's interpretation of Act 305 of 1974, nor has it been demonstrated that the fiscal integrity of the State would be impaired by adopting the trial judge's interpretation.
Neither the content of the act nor the record before us would support a conclusion that Act 305 of 1974 was not intended to apply to judges generally, but was special legislation to benefit one judge.[3] Nevertheless, even though the liberalized benefits will be of some cost to the State, that factor is not the only aid to statutory construction which the court must employ if ambiguity is present. Louisiana courts have consistently held that pension statutes must be liberally construed in favor of the intended beneficiaries. As stated in Groves v. Board of Trustees of the Teachers' Retirement System, 324 So.2d 587, 594 (La.App.1st Cir. 1975) writ denied 326 So.2d 380, La.:
"We commence our interpretation of subject statute by noting that legislation providing pension systems must be liberally construed in favor of the intended beneficiaries. Maillet v. Board of Trustees, Teachers' Retirement System, 248 La. 964, 183 So.2d 321; Miller v. City of Shreveport, La.App., 90 So.2d 565. Accordingly, any ambiguity in such a statute must be resolved in favor of the persons intended to be benefited thereby."

(Emphasis added).
The liberal rule of construction was stated by this court in Maillet v. Board of Trustees, Teachers' Retirement System of Louisiana, 248 La. 964, 183 So.2d 321 (1966). In three other cases the rule has been followed in the intermediate appellate courts; in each case this court denied writs. White v. Board of Trustees of the Teachers' Retirement System of Louisiana, 276 So.2d 714 (La.App. 1st Cir. 1973); Hearn v. Board of Trustees of the Assessors' Retirement Fund, 204 So.2d 123 (La.App. 2d Cir. 1967) and Miller v. City of Shreveport, 90 So.2d 565 (La.App. 2d Cir. 1956).
The construction of the statute urged by the State would require us to abandon the rule of liberal construction for remedial pension legislation. No compelling reasons are offered for us to adopt that stance.
Therefore, we find, as did the trial judge, that Act 305 of 1974 constitutes "retirement benefits and judicial service rights" of judges in office on the effective date of the Constitution of 1974, and by the provisions of Article 5, § 23, these benefits "shall not be diminished . . ."
The judgment of the district court is affirmed.
NOTES
[1] "Any person who has served as the judge of a court of record in this state for a period of at least eighteen years and who has at least three years of military service in the armed forces of the United States and who does not, upon July 31, 1974, qualify for retirement benefits under the retirement plan for judges of this state, shall be paid a monthly pension equal to two-thirds of the monthly salary he was receiving at the time he ceased to be a judge. Upon the death of any such person, his surviving spouse shall be entitled to receive the same pension for the remainder of her life. In the event any such person again assumes the office of judge of a court of record in this state, either by election or appointment, his pension authorized hereunder shall terminate. However, after he ceases to occupy such office of judge, he shall be entitled to receive a monthly pension equal to two-thirds of his monthly salary at the time he ceased to occupy such office. The payment of the pension herein authorized shall be made monthly on the warrant of the person and shall be paid from the same source from which the person received his salary as judge."
[2] "The section" obviously meant "this section." Clerical errors are to be disregarded when the meaning is clear. R.S. 1:5. As it appears in West's Revised Statutes 13:8, the phrase "upon the effective date of the section" becomes" upon July 31, 1974," which was the effective date of Act 305 of 1974.
[3] The act itself shows that notice of intention to pass the act was published in the official State journal on three separate days at least thirty days before the legislature convened, as required by Article 19, § 25 of the constitution of 1921.