COVINGTON, Judge,
dissenting:
I respectfully dissent.
I believe that Section 605 of the Retirement Act (LSA-R.S. 42:605) must be interpreted in reference to the statute as a whole. The survivor’s benefit (claimed by the petitioner herein) is an integral thread woven into the cost-benefit fabric of the retirement system for state employees, not *1311 just some fancy new pocket stitched on a pair of old blue jeans as an ornamental afterthought. Considering Section 605 in this fashion can but lead me to the conclusion that both unused sick leave and accumulated annual leave are credits allowable to a member employee under this Act, which credits are convertible into membership service, or added to actual service for the purpose of achieving eligibility for survivor’s benefits. I am convinced that the Legislature did not intend “creditable service” to mean that the only service that counts is “active service.” In my view, Mrs. Christen is entitled to count the accumulated annual leave and unused sick leave of her husband, amounting to eight months and IIV2 days (or, 1473.7112 hours), and to convert this time into “creditable service” totalling 10 years, 1 month and 4V2 days, which of course makes the petitioner eligible to receive survivor’s benefits.[1]
I would, accordingly, reverse the judgment of the trial court dismissing the petitioner’s suit, and render judgment in favor of the petitioner making the writ of mandamus issued in this suit peremptory and ordering the defendant to pay to the petitioner the survivor’s benefits to which she is entitled.

. See Swift v. State, 342 So.2d 191, 196 (La.,1977), holding that there must be liberal construction of pension statutes and that ambi-guides must be resolved in favor of the intended beneficiaries.