Dear Senator Ullo:
You have requested an opinion from this office regarding the number of votes necessary for the legislature to repeal or suspend an existing tax, implement a new tax, or authorize a third party to implement a tax. You further ask in which year each action may be taken.
Article 7, Section 2 of the Louisiana Constitution of 1974 provides the following limitations on the legislature's power to tax:
 "The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature."
Article 7, Section 2 must be read in conjunction with Article 3, Section 2(A), which provides in part:
 ". . . No measure levying a new tax or increasing an existing tax shall be introduced or enacted during a regular session held in an odd-numbered year."
Article 3, Section 2(A) only prohibits the introduction or enactment of a measure to levy a new tax or to increase an existing tax. Because the constitution is silent regarding this requirement for the repeal or suspension of an existing tax, we are of the opinion that such a measure may be introduced and enacted during a regular session held in an odd-numbered year. The state legislature has all powers of legislation not specifically denied to it by the Louisiana Constitution. Swift v. State, 342 So.2d 191 (La. 1977).
Further, it is permissible for the legislature to authorize a political subdivision to impose a tax during an odd-numbered year. The legislative act itself would not constitute a levy of a new tax or increase in an existing tax, which is constitutionally impermissible during an odd-numbered year. In addition, further action by the political subdivision is necessary for imposition of the tax. See previous Attorney General Opinion Number 75-501 attached.
Because this legislative authorization granting a political subdivision power to enact a tax is neither the levy of a new tax or the enactment of an increase in an existing tax, the two-thirds voting requirement of Article 3 Section 2(A) is inapplicable. Such a legislative measure may be passed by majority vote.
A response concerning the voting requirements necessary to suspend or repeal a tax requires us to first distinguish between these actions. The suspension of a law pursuant to Article 3, Section 20 is a separate and distinct measure from the repeal of a law. A concurrent resolution to suspend a law is not subject to gubernatorial veto, and a resolution introduced to suspend a law does not suffer the same time constraints for introduction as does a bill introduced to repeal the same law. The effect of a resolution suspending a law is temporary, as it does not extend beyond the 60th day after final adjournment of the next regular session, whereas the repeal of a law is permanent.
Article 3, Section 20 requires that the number of votes needed to suspend a law shall be the same as that which was required to pass the law. This constitutional provision states:
 "Only the legislature may suspend a law, and then only by the same vote and, except for gubernatorial veto and time limitations for introduction, according to the same procedures and formalities required for the enactment of the law. After the effective date of this Constitution, every resolution suspending a law shall fix the period of suspension, which shall not extend beyond the 60th day after final adjournment of the next regular session."
Because Article 7, Section 2 requires a two-thirds vote to levy a new tax or increase an existing tax, a two-thirds vote would be required to suspend either the levy of a new tax or the increase of an existing tax. Legislative action to suspend either of these tax measures is permissible during an odd-numbered year.
The repeal of any law, including a tax statute, requires a majority vote and may be accomplished during an odd-numbered year. However, the exception to this rule concerns the repeal of a tax exemption, specifically addressed in Article 7, Section 2, as requiring a two-thirds vote of the legislature.
Finally, we enclose a copy of Attorney General Opinion Number 93-260 which addresses related issues. Should you have further inquiries in this regard, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0223E