4 So.3d 959 (2009)
Todd FRANCE, Plaintiff,
v.
EAST CENTRAL BOSSIER FIRE PROTECTION DISTRICT NO. 1, Grady Lee, in his Official and Individual Capacities, and Robert Roe, in his Official and Individual Capacities, Defendants.
No. 44,058-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 2009.
*961 Pamela R. Jones, Allison A. Jones, Shreveport, for appellant, Todd France.
Bolen, Parker & Brenner, Ltd. by Gregory Engelsman, Alexandria, for defendant-appellee, East Central Bossier Parish Fire District No. 1, and defendants, Grady Lee and Robert Roe.
Watson, Blanche, Wilson & Posner by Chris J. LeBlanc, Baton Rouge, for Willis-Knighton Medical Center.
Robein, Urann, Spencer, Picard & Cangemi by Louis L. Robein, Jr., Metairie, for the Office of the State Examiner of the Municipal Fire and Police Civil Service.
Before CARAWAY, MOORE and LOLLEY, JJ.
CARAWAY, J.
This suit concerns a civil service claim for denial of procedural due process by a terminated fireman against his employer, a Louisiana fire protection district. The trial court granted summary judgment in favor of the fire protection district and dismissed it from the suit on the grounds that the fireman was not entitled to the protections of the Louisiana civil service law. Finding that plaintiff is a civil service employee, we reverse the summary judgment in favor of the fire protection district, grant the fireman's partial summary judgment declaring the application of the civil service system of La. R.S. 33:2531, et seq., to the defendant fire protection district, and remand to the district court.

Facts
On August 16, 2006, Todd France was employed as a full-time, salaried senior fireman with the East Central Bossier Parish Fire Protection District No 1 (hereinafter the FPD), when he was involved in an on-duty traffic accident. France was notified by memorandum on August 17, 2006, that as a result of the incident he was suspended without pay for the remainder of his August 17, 2006 shift plus two additional shifts pending the results of post-accident drug testing. He was also notified that he could appeal the discipline within 15 days to the Board of Commissioners for the district. The FPD is a special district created by the legislature pursuant to La. R.S. 40:1491, et seq., governed by a Board of Commissioners appointed by the Bossier Parish Police Jury. The FPD has four, full-time fire service employees and 60-80 volunteers and by action of the Board of Commissioners of the FPD, opted out of participation in Louisiana's civil service law set forth in La. R.S. 33:2531, et seq.
On August 30, 2006, France received a second memorandum which terminated his *962 employment due to the presence of a prescription drug in his system which impaired his judgment at the time of the accident. France was again informed of his right to appeal the termination in writing to the Board of Commissioners within 15 days. France did not appeal either action. On August 15, 2007, he instituted suit against the FPD and other defendants raising in relevant part claims of violation of his procedural due process rights under the state civil service law. He asserted that he should have received a civil service employee classification, a protected property right in Louisiana. France claimed that his rights to appeal the termination to a civil service board, a disciplinary hearing and post-disciplinary review were denied due to the FPD's failure to follow the Louisiana civil service law. France prayed for reinstatement of his employment and back pay.
The FPD filed a motion for summary judgment seeking dismissal of the claim. The FPD argued that it is not required to submit to the civil service-mandated procedures because it is primarily a volunteer fire department. In support of the motion for summary judgment, the FPD attached the affidavit of the assistant fire chief, which attested to the fact that the FPD had four, full-time employees and 60-80 volunteers. In response, France also moved for partial summary judgment for the declaration that employees paid by the FPD are protected by the civil service law. The central issue raised by both parties concerned the application and meaning of Article X, § 16 of the Louisiana Constitution which addresses a civil service system for "fire protection districts operating a regularly paid fire department."
A hearing on the summary judgment motions occurred on June 30, 2008. Both sides orally argued their positions and the trial court ruled in favor of the FPD, finding that it was not subject to the Louisiana civil service law. France's procedural due process action was dismissed. This appeal by France ensued.

Civil Service Law
Prior to 1940, the Louisiana Constitution of 1921 contained a limited provision concerning civil service for municipalities with populations over 100,000. La. Const.1921, art. XIV, § 15. The first wide-ranging civil service law in Louisiana resulted from Act Nos. 171 and 172 and the amendment of Article XIV, § 15 of the former constitution in 1940. This law related to state and city employees but excluded fire and police personnel.
Shortly after the enactment of the 1940 legislation, the Louisiana Supreme Court rejected various claims that the statutory law relating to state and city civil service improperly transcended the Louisiana constitutional provisions for civil service. Ricks v. Dep't of State Civil Serv., 200 La. 341, 8 So.2d 49 (1942). The 1940 amendment to the constitution had specifically "ratified, approved and affirmed" the two earlier acts of the legislature in 1940 creating the state and city civil service systems. Nevertheless, the court recognized such constitutional affirmation of the legislation was unnecessary, reasoning that it was "not necessary to amend the Constitution to authorize the Legislature to enact the State Civil Service Law, for the reason that our Constitution contains no restriction in this respect." Id. at 65.
A similar ruling by our Supreme Court in 1954 addressed the effect of other changes in the constitution regarding the civil service system for New Orleans. Gervais v. New Orleans Police Dep't, 226 La. 782, 77 So.2d 393 (1954). The employee sought reversal of the ruling of the Civil Service Commission of the City of New Orleans arguing that he was not covered by civil service law because the constitutional *963 amendment was penal in nature and should not be applied retrospectively to him. The Louisiana Supreme Court again rejected such argument, holding that it "matter[ed] not that the [employee's] acts upon which dismissal was founded occurred prior to the adoption of the constitutional amendment," because the amendment "did not repeal or supersede" statutory law which was in place at the time of the amendment and applied to the employee. Regarding civil service rights, the court also noted that the "legislative authority which created the right can take it away or change, at any time, the procedure by which it may be protected or defended, save as otherwise curtailed by the civil service provisions of the Constitution."
The history of the civil service law relating to fire and police departments began shortly after the 1940 legislation. 1944 La. Acts 102, see now La. R.S. 33:2471, et seq., first established the System of Classified Civil Service with respect to Municipal Fire and Police Services in municipalities with populations of 13,000 to 250,000 (hereinafter the Larger Municipalities) "which shall operate and maintain a regularly paid fire and police department." In connection with civil service law, this was the first legislative use of the phrase "regularly paid fire ... department." Nevertheless, its use related only to municipalities since fire protection districts were not addressed in the legislation. The Act provided that the Classified Civil Service "embrac[ed] the positions of employment ... of the Municipal Fire and Police Services."
1952 La. Acts 302, adopted on November 4, 1952, added § 15.1, The Municipal Fire and Police Civil Service Law, to Article XIV of the Louisiana Constitution of 1921 and generally tracked the language of 1944 La. Acts 102, for a civil service system for the Larger Municipalities. Again, § 15.1 was made applicable to a large municipality "which operates a regularly paid fire and police department." The classified civil service "embrac[ed] the positions of employment ... of the municipal fire and police services."
A review of the history of Louisiana legislation dealing with fire protection districts shows that fire protection districts were first authorized by the legislature in 1942 La. Acts 194, § 1, which is the source for the present statutes, La. R.S. 40:1492, et seq. Generally, these provisions give parish governing authorities the power to create or enlarge fire protection districts and provide that fire protection districts are subdivisions of the state. La. R.S. 40:1492. If no municipal corporation is included within the boundaries of a district comprising all or part of a single parish, the parish governing authority may appoint a board of commissioners to serve as the governing body for the district. La. R.S. 40:1495. Nothing in this legislation in Title 40 defines or characterizes a "fire protection district" in terms of a "department" with "regularly paid" employees.
1964 La. Acts 282, now La. R.S. 33:2531, et seq., enacted the Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts. The initial provision, La. R.S. 33:2531, expresses in its title, "mandatory civil service" for fire protection districts and the language of the statute mandates application of a general system of civil service protection for the "permanent appointments and promotions for paid firemen." These provisions created "in the government of each fire protection district, a classified civil service embracing the positions of employment," for fire and police services in the smaller municipalities, parishes, and fire protection districts. La. R.S. 33:2535. The law delineates the classified and unclassified service of employees *964 in La. R.S. 33:2541. Appeals to a civil service board are also authorized under the statutes. La. R.S. 33:2561. Relevant to the effect of other laws, the fire and police civil service law for fire protection districts provides that "this part shall not be rendered ineffective by any general law affecting employees or departments of municipalities, parishes or fire protection districts in matters of classified civil service." La. R.S. 33:2568.
Revising the prior constitution's fire and police civil service provision for the Larger Municipalities, the 1974 Constitution of Louisiana maintained abbreviated provisions for the civil service law in La. Const. 1974, art. X, § 16 as follows:
A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.
Notably, in addition to the prior constitutional protection carried forward for the Larger Municipalities by this section, the provision also constitutionally mandated for the first time a civil service system for "fire protection districts operating a regularly paid fire department."
La. Const.1974, art. X, § 18 also provides as follows in relevant part:
Except as inconsistent with this Part, the provisions of Article XIV, Section 15.1 of the Constitution of 1921 are retained and continued in force and effect as statutes. By law enacted by two-thirds of the elected members of each house, the legislature may amend or otherwise modify any of these provisions, but it may not abolish the system of classified civil service for such firemen and municipal policemen or make the system inapplicable to ... any fire protection district operating a regularly paid fire department.
The statutory reference of this provision related only to the existing civil service laws for Larger Municipalities, and as directed, remains in La. R.S. 33:2471, et seq.

Discussion
The parties' motions for summary judgment recognize that the facts concerning the fire employees and volunteers who perform the firefighting services of the FPD are not disputed. This leaves for decision only the legal issue appropriate for these summary judgment proceedings regarding whether France, as an employee of a fire protection district with a large amount of volunteer firemen, is afforded the protection of the civil service law. The parties address and argue the application of both the statutory basis for a civil service system for fire protection districts under La. R.S. 33:2531, et seq., and the constitutional basis for a civil service system under Article X, § 16. Each law purports to "create" a system. Accordingly, we must review the meaning and scope of the legislative and constitutional enactments to determine whether a conflict exists between the two. We can then answer the FPD's contention that the constitution's creation and directive for a system of classified fire civil service for "fire protection districts operating a regularly paid fire department" means that the FPD's primarily volunteer department is outside the coverage of civil service law.
The historical development of our civil service laws shows that the first time that civil service was addressed in the context of a fire protection district was in 1964 with the legislative enactment of La. R.S. 33:2531, et seq. (hereinafter the "1964 Legislation") which remains virtually the same law today. At that time, no Louisiana *965 constitutional provision specifically addressed civil service for fire protection districts. Likewise, the constitution in 1964 contained no prohibition regarding the legislative application of a civil service system to fire protection districts. The 1964 Legislation defines a "position" as "any office or employment in the ... fire protection district, fire ... service, the duties of which call for services to be rendered by one person." La. R.S. 33:2533(13). A "`regular employee' or `permanent employee' means an employee who has been appointed to a position of classified service." La. R.S. 33:2533(18). The distinction between classified and unclassified service positions addressed in La. R.S. 33:2541 demonstrates that France's fire fighting and prevention duties would place him in the classified service.
This review of the 1964 Legislation reveals no distinction between fire protection districts composed entirely of paid personnel and those with a combination of paid personnel and unpaid volunteer firefighters. From our reading of La. R.S. 33:2531, et seq., every fire protection district falls under the legislation and is mandated to conduct the procedures of the statutory civil service system for classified service positions of employment.[1] There is no language in the 1964 Legislation, La. R.S. 33:2531, et seq., containing the phrase "fire protection districts operating a regularly paid fire department" so as to make any distinction regarding the application of the law to any fire protection districts which might be construed as operating something different from a regularly paid fire department.
Turning to Article X, § 16 of the 1974 Constitution, we will consider its directives to determine whether it conflicts with the existing 1964 Legislation. We first note that there is a clear distinction between the new constitutional provision and the 1964 Legislation concerning the size of the municipalities addressed by each. Article X, § 16 addresses civil service for the Larger Municipalities over thirteen thousand in population while the 1964 Legislation addresses municipalities between 7,000 and 13,000 in population. In fact, the first sentence of Article X, § 16 which states that "a system of classified fire and police civil service is created and established" is an acknowledgment of the existing law before 1974 for fire and police civil service for the Larger Municipalities under La. R.S. 33:2471, et seq., and Article XIV, § 15.1 of the Louisiana Constitution of 1921. Additionally, the new Article X, § 18 also insured that the existing fire and police civil service for the Larger Municipalities continued with constitutional protection. Nevertheless, there was nothing included in Article X, § 16 regarding the small municipalities, and the 1964 Legislation continued and remains today as the only source of law for civil service for such towns. La. R.S. 33:2531, et seq.
The addition to Article X, §§ 16 and 18 addressing "any fire protection district operating a regularly paid fire department" represents the first Louisiana constitutional provisions ever addressing civil service for any fire protection district. The effect *966 of Article X, § 16 is to mandate that a system of classified civil service shall apply to such fire districts, and in Article X, § 18, the legislature is prevented from abolishing civil service for such districts. There is nothing in these two sections of our existing constitution that prohibits a legislative act from creating a civil service system for those fire protection districts which might be viewed as falling outside the particular fire protection districts addressed in these constitutional provisions. Just as Article X, § 16's provisions addressing the Larger Municipalities do not preclude by implication the legislature's power to provide civil service protection to the employees of the smaller municipalities, the Article does not prevent such power of the legislature to provide civil service protection for the employees of any fire protection district, which might be determined as a district lacking a regularly paid fire department.
The authority for this construction of the constitution in relation to the 1964 Legislation is provided in the Ricks and Gervais rulings above which stand for the proposition that the general plenary power of the legislature alone, without any specific constitutional provision dealing with civil service, is ample authority to legislate a system of civil service in this state. The legislative power of the state of Louisiana is vested in the Legislature. La. Const.1974, art. III, § 1. Except as expressly provided by the constitution, no other branch of government, nor any persons holding office in one of them, may exercise the legislative power. La. Const. 1974, art. II, §§ 1, 2. Furthermore, it is a general principle of judicial interpretation that, unlike the federal constitution, a state constitution's provisions are not grants of power but instead are limitations on the otherwise plenary power of the people of a state exercised through its Legislature. In its exercise of the entire legislative power of the state, the Legislature may enact any legislation that the state constitution does not prohibit. Thus, to hold legislation invalid under the constitution, it is necessary to rely on some particular constitutional provision that limits the power of the Legislature to enact such a statute. Board of Dir., Louisiana Recovery Dist. v. All Taxpayers, Property Owners, and Citizens of La., 529 So.2d 384 (La.1988); Board of Comm'rs v. Dept. of Natural Resources, 496 So.2d 281 (La. 1986); New Orleans Firefighters Ass'n v. Civil Serv. Comm'n of New Orleans, 422 So.2d 402, 406 (La.1982); State ex rel. Guste v. Legislative Budget Comm., 347 So.2d 160, 164 (La.1977); see also, State v. Mallery, 364 So.2d 1283 (La.1978), cert. denied, 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310 (1979) ("Except as limited by the constitution its power is plenary"); Swift v. State, 342 So.2d 191 (La.1977) ("Unlike Congress, our State Legislature has all powers of legislation not specifically denied it by the Louisiana Constitution").
Unless the fundamental rights, privileges and immunities of a person are involved, there is a strong presumption that the Legislature in adopting a statute has acted within its constitutional powers. Board of Dir., Louisiana Recovery Dist., supra, and cased cited therein. The presumption is especially forceful in the case of statutes enacted to promote a public purpose, such as statutes relating to taxation and public finance. Id. The party attacking such a statute has the burden of showing clearly that the legislation is invalid or unconstitutional, and any doubt as to the legislation's constitutionality must be resolved in its favor. Id. In an attack upon a legislative act as falling within an exception to the Legislature's otherwise plenary power, it is not enough to show that the constitutionality is fairly debatable, but, rather, it must be shown clearly and convincingly that it was the constitutional *967 aim to deny the Legislature the power to enact the statute. Id.
Civil Code Article 8 provides that the repeal of a law "is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law." While repeals by implication are not favored, a constitutional amendment or provision operates to supersede or repeal all statutes that are inconsistent with the full operation of its provisions. Macon v. Costa, 437 So.2d 806, 810 (La. 1983). A special law can be repealed by a subsequent general law only when the two cannot stand together. Id., note 3 citing McManemin v. Bossier Parish Police Jury, 228 So.2d 36 (La.App. 2d Cir. 1969), writ denied, 255 La. 240, 230 So.2d 91 (1970).
Underlying FPD's position in this dispute is the contention that in 1974, the new Article X, § 16 constitutionally limited the application of a classified civil service to a subset of all fire protection districts, i.e., those "fire protection districts operating a regularly paid fire department." FPD denies that it is such a fire protection district, claiming that its four employees do not amount to a "regularly paid fire department." Nevertheless, we find this argument irrelevant to the issue at hand which concerns only the continued effect of the 1964 Legislation which was applicable to all fire protection districts before 1974 and remains unrepealed by the Legislature today. Even if Article X, § 16 extends constitutional protection to a small subset of fire protection districts, the Article makes no express prohibition barring the general plenary power of the Legislature to enact civil service laws for all other fire protection districts. Likewise, if the purpose of Article X, § 16 was to provide constitutional protection to only a subset of all fire protection districts, such purpose was not inconsistent or irreconcilable with the legislative purpose of La. R.S. 33:2531, et seq., which had previously established civil service for all fire protection districts.[2]

Conclusion
For the foregoing reasons, the judgment of the district court dismissing plaintiff's claim is reversed. Judgment on France's motion for partial summary judgment is granted, declaring that the civil service system of La. R.S. 33:2531, et seq., shall apply to the East Central Bossier Fire Protection District No. 1 and for the defendant's action for dismissal of the employment of the plaintiff. The case is remanded for further proceedings consistent with this ruling. Costs of appeal are assessed to the FPD in the amount of $145.50 in accordance with La. R.S. 13:5112.
REVERSED. PARTIAL SUMMARY JUDGMENT GRANTED. REMANDED.
NOTES
[1] In reaching this conclusion, we reject FPD's argument that La. R.S. 33:2536(N) implies "that fire or police service in a municipality, parish or fire protection district may not be subject to civil service" regulation under La. R.S. 33:2531, et seq. Because a fire protection district may include a municipality located within the district (La. R.S. 40:1492(B)), a fire protection district may include both police and fire personnel requiring the appointment of a five-member civil service board under La. R.S. 33:2536(C), or otherwise, where fire services only are provided within the fire protection district, the three member board of La. R.S. 33:2536(N) would appear to apply.
[2] No specific argument or alternative argument was made by FPD that La. R.S. 33:2531, et seq., was implicitly repealed or made unconstitutional by the 1974 Constitution, Article X, § 16 insofar as the statutes apply to all fire protection districts in Louisiana. The long-standing jurisprudential rule of law is that a statute cannot first be questioned in the appellate courts and must be specially pleaded and the grounds of the claim particularized. Vallo v. Gayle Oil Co., 94-1238 (La. 11/30/94), 646 So.2d 859. Nevertheless, since the implication of this ruling extends beyond FPD's dispute with France requiring the formation of a civil service board for FPD, we determine that the 1964 Legislation was not implicitly repealed or made unconstitutional by the 1974 Constitution and that FPD, regardless of whether it operates a regularly paid fire department or not, must follow the legislative mandate.