GULOTTA, Judge.
On February 17, 1977, the Council of the City of New Orleans adopted Ordinance No. 6265 MCS which provides that each judge of the Civil District Court, Criminal District Court and the Juvenile Court, who is a member of the State Retirement Plan for judges, shall receive annually from the City of New Orleans a retirement benefit allowance equal to one half the amount the judge must contribute annually toward the state judicial retirement plan.
In this suit, the Attorney General of this State and two legislators seek 1) a declaratory judgment holding the Ordinance unconstitutional and 2) an injunction restraining and prohibiting the City from enforcing the Ordinance or making payments authorized by it. The trial judge declared the Ordinance constitutional and denied injunc-tive relief. Plaintiffs appeal. We affirm.
The City Ordinance followed passage by the Legislature of Act 518 of 1976 (LSA-R.S. 13:18) which affords judges the opportunity to avail themselves of the retirement provisions of the Louisiana State Employees Retirement System upon payment of an annual contribution from their salaries.
Prior to 1975, District and Juvenile Court judges received local supplemental pay from the Parish of Orleans. Subsequent to the adoption of the Louisiana Constitution of 1974, the Legislature, by Act 743 of 1975 (LSA-R.S. 13:691), in an attempt to eliminate local judicial pay supplements and to bring more uniformity to judicial salaries, provided for a graduated pay schedule for Supreme Court, Court of Appeal, District Court and Juvenile and Family Court judges. Section C of that Act, around which this dispute centers, provides as follows:
“No judge whose salary is provided for herein shall receive for his services as a judge, directly or indirectly, any additional salary, compensation, emolument, or benefit from the state or any of its political subdivisions except (1) retirement benefits, (2) reimbursement of those expenses provided for and authorized by R.S. 13:694, 13:698, and 13:1341.2, (3) membership in group insurance programs, and (4) educational grants.”
*1119 It is plaintiffs’ contention, on appeal, that the City Ordinance which provides for retirement payments for these judges is in contravention of those provisions of Section C of Act 743 of 1975 which prohibit the judge from receiving, directly or indirectly, any additional salary, compensation, emolument or benefit. As such, plaintiffs argue, the City Ordinance is unconstitutional.
According to the Attorney General, the purpose of the adoption of the 1975 Act was to achieve uniformity in judicial salaries. Plaintiffs urge that it was the legislative intent to prohibit any political subdivision from making any supplemental pay to judges other than those exceptions specifically enumerated. It is the Attorney General’s contention that the “retirement benefits” exception as incorporated in Section C of the 1975 Act only contemplates receipt by the judge of benefits derived from a retirement plan such as an annuity or pension. The restricted meaning of “benefits”, which the plaintiffs would have us adopt, would exclude from its meaning retirement “contributions”. In support of this contention, plaintiffs point out that in. subpara-graph 24 of LSA-R.S. 42:543 (dealing with the Louisiana State Employees Retirement System) “retirement” is defined as termination of active service with a retirement allowance granted under the provisions of the retirement act. Subsection 25 defines retirement “benefit” as an annuity for life paid in equal monthly installments. Adopting these definitions, plaintiffs contend that “retirement benefits” as contained in the 1975 Act means retirement annuities or retirement pensions and does not mean retirement contributions such as those authorized by the City Ordinance.
We do not agree. It is true, as contended by plaintiffs, that retirement benefits as defined in LSA-R.S. 42:543 encompasses annuities or pensions, however, Section 543 dealing with definitions commences with the following language:
“The following words and phrases used in this Chapter, unless a different meaning is clearly required by the context, shall have the following meanings . . .” (emphasis ours)
Clearly, according to the wording of the very statute, these definitions of “retirement” and “benefits” are not applicable or binding when the words are used in a different context.
We are not persuaded by plaintiffs’ argument that the phrase “retirement benefits” as used in Section C of the 1975 Act contemplates receipt by the judge of pension or annuity benefits which accrue from any other source, such as in the case of a retired municipal employee or policeman or fireman who later becomes a judge and while serving in that capacity receives benefits from his municipal pension. If we were to accept the restricted meaning of “retirement benefits” as suggested by plaintiffs, the inclusion of these words would have no useful purpose or meaning. Section C deals with judicial pay and judicial emoluments while a person is in judicial office. The exceptions referred to in this provision clearly relate to those benefits which would be received by a judge, which grow out of and relate to his service while a judge.
Support for this conclusion is gained when we consider the other exceptions included in the statute. Those exceptions are membership in group insurance programs which may be paid by a political subdivision in addition to the salary and educational grants which also may be paid by a political subdivision, under the exceptions, in addition to the salary. It is reasonable that the Legislature, by the inclusion of enumerated exceptions, intended that retirement benefits or retirement contributions (which a political subdivision may desire to pay) could be paid in addition to the salary or other compensation. Clearly, under Section C of the 1975 Act, the City may pass an ordinance authorizing benefits for educational grants for judges or for payment of hospitalization premiums. When the enumerated exceptions are considered together, we are led to conclude that retirement benefits, as used in Section C of Act 743 of 1975, include retirement contributions as well as contributions for membership in group insurance programs and contributions for judicial educational grants.
The retirement pay allowance provided for in the City Ordinance is a benefit in the *1120 form of a contribution. It is a pay supplement but within the retirement benefits exception set forth in the statute.
Our interpretation of Section C is in accord with the latest Supreme Court expression on judicial pensions in the case of Swift v. State, 342 So.2d 191 (La.1977), in which the court stated that pension statutes must be liberally construed in favor of the intended beneficiary.
Although it is axiomatic that ordinances in contravention of a state statute are unconstitutional,[1] we conclude that Ordinance No. 6265 MCS of the City of New Orleans does not contravene Act 743 of 1975.
Having so concluded, we affirm the judgment of the trial court.

AFFIRMED.

LEMMON, Judge, concurs and assigns reasons.
Plaintiffs argue that the legislative purpose of Act No. 743 of 1975 was to equalize the salaries of district judges throughout the state by eliminating local supplements to judicial salaries, thereby relieving the judges from the local political pressures inherent in supplemental compensation and relieving the local governing authorities from the economic burden which should be borne primarily by the state.
If the legislature intended to eliminate local supplements completely, the ordinance at issue undoubtedly contravenes that intention. However, Act No. 743 provided four exceptions to the prohibition against local supplements. Had the City passed an ordinance providing these judges with memberships in group insurance programs by paying their premiums, the alleged intention would likewise be thwarted, but the ordinance would not conflict with the act.
As to the meaning of the term “retirement benefits”, R.S. 13:691 C applies to active judges, because the applicability is specifically restricted to a “judge whose salary is provided for herein”. The term therefore cannot be construed reasonably to refer to payment by the City of benefits after retirement.[1] Nor can the term reasonably be construed, as plaintiffs suggest, to retirement benefits previously earned in other City service, since the statute applies specifically to additional compensation for “services as a judge”. Furthermore, the term cannot be deemed meaningless.
The payment by the City of part of the contributions for retirement benefits is similar to payment of group insurance premiums in that each is considered a fringe benefit in modern employment and personnel relations. I find it reasonable to construe the ordinance authorizing payment of retirement benefits as additional compensation to fall within the intendment of the legislative exceptions, especially since payment of part of the cost of these types of benefits does not create the vast degree of inequality in judicial salaries which previously existed.

. See National Food Stores of Louisiana, Inc. v. Cefalu, 280 So.2d 903 (La.1973).

. The judges who joined the retirement plan are presently purchasing retirement benefits. The ordinance in effect provides these judges with the retirement benefits by paying part of the required contributions.