James E. HERNANDEZ,
Plaintiff-Appellant,

v.

CITY OF LAFAYETTE and Kenneth J. Bowen, Mayor, Defendants-Appellees.

No. 82–3350
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 7, 1983.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara, John G. Torian, II, Michael G. Durand, Lafayette, La., for plaintiff-appellant.

Ross, Hardies, O'Keefe, Babcock & Parsons, Charles L. Siemon, Wendy U. Larsen, Chicago, Ill., for defendants-appellees.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Hernandez, a Lafayette, Louisiana landowner contesting a zoning decision of that city, appeals from a district court judgment which granted the city's motion for summary judgment. Hernandez claims that the district court erred by improperly applying federal rather than state law principles of res judicata and by using res judicata where the factual circumstances have changed since the prior state court judgment was rendered. While Hernandez's first assertion is correct, it avails him naught since neither law permits further litigation of this issue. We affirm.[1]

Hernandez is contesting the residential zoning of a 16.7-acre tract of land in Lafayette which he desires zoned for commercial use. At the root of the disagreement was a city plan to build a road through Hernandez's property, a plan which the city has since abandoned. Hernandez argues that the city's refusal to rezone his property violated his due process rights by depriving him of the use of his property and depressing the value of his land which the city wants.

The disagreement resulted in two law suits—a § 1983 action in federal court and a state court suit contesting the validity of the city's zoning ordinance as it applied to Hernandez's land. The district court acted first, granting the city's motion for summary judgment based on the § 1983 immunity of the city and its mayor. The dismissal was entered December 13, 1978.

While the appeal from that judgment was pending in this court, Hernandez proceeded with the parallel action in the Fifteenth Judicial District Court of Louisiana. That suit challenged the zoning ordinance on the same grounds as those alleged in the federal complaint and sought declaratory and injunctive relief. The trial court decided in favor of Hernandez and directed the city to rezone his property from R–1–A (single family detached and townhouse) to B–1–0 (professional office). The Louisiana Third Circuit Court of Appeal reversed on March 26, 1981, holding that Hernandez was not denied due process of law by the city's refusal to rezone. *Hernandez v. City of Lafayette*, 399 So.2d 1179 (La.App.1981), *cert. denied*, 401 So.2d 1192 (La.1981), *appeal dismissed*, 455 U.S. 901, 102 S.Ct. 1242, 71 L.Ed.2d 440 (1982).

On May 1, 1981, this court affirmed the district court's judgment dismissing the mayor, but reversed the dismissal of the city. The case was remanded with directions to determine whether the R–1–A zoning classification denied Hernandez any viable economic use of his property. *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1200 (5th Cir.1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982).

---

1. The facts of this case are developed in a previous panel decision. *Hernandez v. City of Lafayette*, 643 F.2d 1188 (5th Cir.1981). We recite only those facts germane to this appeal.

Hernandez amended his remanded complaint to allege changes in the area around his property which directly affect his claim. He alleged that the city continued to allow commercial development in the area, leaving him with no reasonable use of his property. He alleged that completion of apartments across the street prohibited the use of his property for single-family residential construction. Hernandez also alleged that changing traffic patterns at a nearby intersection thwarted reasonable use of his property, concluding that the city denied rezoning for reasons bearing no rational relationship to the public health, safety, and welfare.

The city moved for summary judgment on the federal claim on the ground of res judicata, citing the Louisiana Court of Appeal's judgment. The district court held that federal rather than state principles of res judicata were applicable. The court noted that Hernandez alleged that changes had occurred in the area since the 1980 state trial, but concluded that they did not constitute grounds to relitigate the issues decided in the state court.

■■■ It is now beyond doubt that the defense of res judicata is available in a subsequent § 1983 action. *Allen v. McCurry,* 449 U.S. 90, 101, 101 S.Ct. 411, 418, 66 L.Ed.2d 308 (1980); *Southern Jam, Inc. v. Robinson,* 675 F.2d 94, 97 (5th Cir.1982). But Hernandez correctly suggests that the district court erred by applying federal res judicata principles instead of using the Louisiana law. It is clear that Louisiana res judicata should have been used. A federal court, asked to give res judicata effect to a state court judgment, must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation. *ED Systems Corporation v. Southwestern Bell Telephone Company,* 674 F.2d 453, 457 (5th Cir.1982); *Southern Jam,* 675 F.2d at 97–98.

However, Hernandez's correction of this error provides him no help on this appeal. Applying Louisiana res judicata instead of federal res judicata produces the same result.

■ The Louisiana res judicata rule establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of the cause, and (3) an identity of the thing demanded. La.Civ.Code art. 2286; *Dornak v. Lafayette General Hospital,* 399 So.2d 168, 171 (La. 1981); *Welch v. Crown Zellerbach Corp.,* 359 So.2d 154, 156 (La.1978). The parties have been identical throughout this litigation; therefore, the first element is satisfied.

The second element-cause is the "juridical or material fact which is the basis of the right claimed, ..." *Mitchell v. Bertolla,* 340 So.2d 287, 291 (La.1976) (quoting 2 Planiol; Traite Elementaire De Droit Civil, 34 (11 ed. 1939)). Cause is the principle upon which a specific demand is based and, in that, Louisiana courts have likened it to the "grounds of action" upon which a "cause of action" may be based. *Id.* In this instance, the same cause is involved in both the state and federal suits. Both actions deal with the city's refusal to rezone Hernandez's property and the legal rights and liabilities which emanate from that refusal.

The third requirement is that the "thing demanded" must be identical in each action. Hernandez argues that the thing demanded is different since the state action sought declaratory and injunctive relief while the federal suit prayed for money damages. The Louisiana Supreme Court has cautioned against hair-splitting and mechanistic applications of res judicata. *State ex rel. Guste v. City of New Orleans,* 363 So.2d 678, 683 (La.1978). "To decide the object of the demand the court should not be limited to an examination of the pleadings; the court should determine what were the matters actually litigated and decided." *Id.*[2]

> The thing demanded ... encompasses ... the fundamental nature of the right claimed, ... Thus, it can be said that the requirement of identity of things demanded is ful-

---

2. *See* Comment, *Litigation Preclusion in Louisiana: Welch v. Crown Zellerbach Corporation and the Death of Collateral Estoppel,* 53 Tul.L. Rev. 875 (1979);

It must be noted that Hernandez's state court complaint sought "all general and equitable relief" as well as declaratory and injunctive relief. But more importantly, the state action actually litigated and decided the issue of whether the city's refusal to rezone Hernandez's property was a denial of his due process rights. *Hernandez v. City of Lafayette,* 399 So.2d 1179, 1185 (La. App.1981), *cert. denied,* 401 So.2d 1192 (La. 1981), *appeal dismissed,* 455 U.S. 901, 102 S.Ct. 1242, 71 L.Ed.2d 440 (1982). The Louisiana Third Circuit Court of Appeal decided that Hernandez "failed to meet his burden of proving that the city's classification of the property was unreasonable, arbitrary, or a denial of due process." *Id.* That is the precise issue raised—and the thing demanded—by Hernandez in this § 1983 action. While the district judge erred in applying federal rather than state res judicata, the error is harmless since state res judicata also bars relitigation of this issue.

Hernandez next argues that changed circumstances occurring after the state court judgment precludes the use of res judicata. He asserts that these changes place his property in a different posture than it was at the time of the state court trial.

Hernandez cites a number of cases for the proposition that a blanket application of res judicata is improper where there are changed circumstances. But these cases say a little more than that. The changed circumstances must be "significant" and must create "new legal conditions." *Jackson v. De Soto Parish School Board,* 585 F.2d 726, 729 (5th Cir.1978). The district judge in reviewing these changed circumstances, taking the plaintiff's allegations as true,[3] found that no significant facts had changed which were

"important" to the decision of the state court. That is also how we view the amended complaint. Taking the allegations of the plaintiff as true, they do not raise any significant change in the legal posture of this case. If the plaintiff desires relief because of these changed circumstances, his remedy is, as stated by the previous panel decision in this case, to return to the municipality's governing body giving it a realistic opportunity to review the zoning legislation vis-a-vis the particular property and to correct the inequity. *Hernandez v. City of Lafayette,* 643 F.2d at 1200.

AFFIRMED.

---

filled when recognition is sought in the second suit of the same right to the same controverted thing that was actually litigated and determined by the judgment in the first—even though a different relief or type of recognition is sought.
*Id.* at 881.

**3.** Hernandez argues that the judge erred since he stated he need not decide whether changed

circumstances existed. By stating that, Hernandez contends, the judge placed the burden of proof on him to show that the circumstances had in fact changed. The fact of the matter is that the judge, taking Hernandez's allegations as true, found that no issues of material fact existed and that the allegations failed to change the preclusive effect of the state court judgment.