J^GONZALES, J.
This action is a suit for injunctive relief. The Louisiana Used Motor Vehicle and Parts Commission (UMVPC) filed a petition seeking to enjoin Peake Motor Company, Inc. d/b/a Peake BMW (Peake) from selling motorcycles in Louisiana, because Peake had not obtained a license to do so from UMVPC. The trial court denied the injunction, concluding Peake was not required to be licensed by UMVPC, because it was already licensed by the Louisiana Motor Vehicle Commission (MVC). UMVPC appeals from this adverse judgment.[1]
*894 FACTUAL AND PROCEDURAL BACKGROUND
In March of 1998, Peake was licensed as a motor vehicle dealer by the MVC. In addition to selling vehicles, Peake apparently sold BMW motorcycles: On March 18, 1998, UMVPC issued a cease and desist order to Peake, alleging Peake was engaged in the business of a used motor vehicle dealer, without' having first obtained a license from the UMVPC, and ordering Peake to cease its business in this regard unless and until it obtained the appropriate license. Although the cease and desist order did not detail the specific violation, the record reveals UMVPC’s objection was to Peake’s sale of BMW motorcycles without a license from UMVPC. When Peake failed to obtain the license, UMVPC filed this suit for injunctive relief.
On April 27, 1998, the trial court held a hearing on the preliminary injunction, and on June 10, 1998, signed a judgment in favor of Peake and against UMVPC, denying its request for injunctive relief. In reasons for judgment (copy attached), the trial court noted the statutes governing MVC (Chapter 6 of Title 32, consisting of La. R.S. 32:1251-1259) and the statutes governing UMVPC (Chapter 4-B of Title 32, consisting of La. R.S. 32:771-780) were inartfully drafted, but concluded that the statutes allowed a new car |3dealer who also sold motorcycles to obtain a single license from MVC, without requiring that the dealer also obtain a license from UMVPC. The trial court interpreted the statutes as requiring dealers who dealt exclusively with motorcycles to obtain their license from UMVPC. We agree with the trial court’s interpretation of the relevant statutes.
DISCUSSION
It is undisputed that Peake was licensed by the MVC at all times pertinent to this appeal. Under La. R.S. 32:773, it is motor vehicle dealers who are not licensed by MVC who are required to be licensed by UMVPC.[2] Further, under La. R.S. 32:778, the UMVPC licensing provisions “shall not apply to any ... entity that is licensed or regulated by the [MVC.]”[3] (Emphasis added.) Therefore, regardless of the type of Ebusiness in which the entity is engaged, if that entity is licensed by *895 MVC, it is not required to obtain a license from UMVPC, even if its business would otherwise fall within the licensing authority of UMVPC.
We note that the definition of “motor vehicle” has changed numerous times since the enactment of the statutes dealing with the sale, and distribution of motor vehicles in 1954. We also note that the current definition of “motor vehicle” as it appears in the MVC licensing provisions excludes motorcycles from the type of vehicle over which the MVC has licensing authority'[4] and that the current definitions of “motor vehicle” and “used motor vehicle” as they appear in the UMVPC licensing provisions include motorcycles in the type of vehicle over which the UMVPC has licensing authority.[5] However, despite numerous legislative amendments, the exemption currently stated in La. R.S. 32:778, which exempts any entity licensed by MVC from the licensing authority of UMVPC, has existed since the enactment of the UMVPC licensing provisions in 1984. See 1984 La. Acts No. 773, § 2. This is a clear expression of the legislature’s intent to allow entities engaged in any business over which MVC has licensing authority to obtain a single license from MVC, without having to also obtain a license from UMVPC. UMVPC’s efforts to write La. R.S. 32:778 out of the law are best directed to the |KIegisIature. Thus, we conclude the trial court correctly denied UMVPC’s request for injunctive relief.
DECREE
For the foregoing reasons, the trial court judgment, denying UMVPC’s petition for preliminary injunction, is AFFIRMED. Costs in the amount of $186.90 are assessed to UMVPC.
| ^ATTACHMENT
ORAL REASONS FOR JUDGMENT
MONDAY, APRIL 27, 1998
THE HONORABLE J. MICHAEL MCDONALD, JUDGE
BY THE COURT:
LA.R.S. 32:1252(13), THE STATUTE DEALING WITH THE NEW CAR COMMISSION, SPECIFICALLY EXCLUDES VEHICLES COMMONLY REFERRED TO AS MOBILE HOMES, BOATS AND THINGS, MOTOR HOMES, TRAILERS OR MOTORCYCLES. IT WOULD SEEM UNDER THAT READING THAT MOTORCYCLES WOULD BE CONTROLLED BY ■ SOMEBODY ELSE. MOTORCYCLES FOR SOME REASON WOULD BE CONTROLLED BY SOMEBODY OTHER THAN THE NEW CAR COMMISSION, AND THE SOMEBODY ELSE, IN THIS CASE, IS THE USED CAR FOLKS. LA: R.S. 32:773(A)(5) SEEMS TO BE POORLY DRAFTED, BUT IT SEEMS TO BE TRYING TO EXCLUDE THOSE PEOPLE WHO ARE LI *896 CENSED BY THE LOUISIANA MOTOR VEHICLE COMMISSION, THE NEW CAR COMMISSION, FROM THE PROVISIONS DEALING WITH THE USED CAR COMMISSION. LA: R.S. 32:778 PROVIDES THAT IF THERE IS A CONFLICT IN THESE STATUTES, THAT THE STATUTE DEALING WITH THE NEW CAR COMMISSION WILL PREVAIL. I DON’T KNOW THAT THERE IS A CONFLICT HERE. THE LEGISLATURE COULD HAVE DONE A LITTLE BIT BETTER JOB IN WORDING THESE THINGS, BUT IT SEEMS TO THE COURT THAT IF YOU ARE A NEW CAR DEALER AND YOU ALSO DEAL WITH THESE OTHER THINGS LIKE MOTOR HOMES, MOBILE HOMES, TRAILERS, SEMITRAILERS, BOAT TRAILERS, AND MOTORCYCLES, THAT YOU HAVE TO HAVE A LICENSE FROM THE NEW CAR COMMISSION BECAUSE YOU ARE A NEW AUTOMOBILE SELLER. BUT, IT WOULD SEEM THAT IF YOU CHOOSE TO ENGAGE IN THE PURSUIT OF SELLING THESE OTHER THINGS, WHICH WOULD NORMALLY BE EXCLUDED, BECAUSE OF THE WAY THE STATUTES ARE WORDED, PARTICULARLY 773 AND 778, THAT YOU WOULD COME UNDER THE AMBIT OF THE NEW CAR COMMISSION AND NOT THE USED CAR COMMISSION. IF IN FACT YOU ONLY SELL MOTORCYCLES, BOAT TRAILERS, SEMI-TRAILERS, TRAILERS, MOBILE HOMES OR MOTOR |7H0MES, YOU ARE THEN UNDER THE AUTHORITY OF THE USED CAR COMMISSION AND NOT THE NEW CAR COMMISSION. BUT, IF IN FACT YOU SELL NEW CARS, THEN THE NEW CAR COMMISSION IS THE LICENSING AUTHORITY FOR YOU AND NOT THE USED CAR COMMISSION. THEREFORE, THE INJUNCTION IS DENIED.

. Louisiana Code of Civil Procedure article 3612 provides, in pertinent part, that "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction.” The right of appeal granted by this article is not restricted to judgments which grant injunctive relief. Rather, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. State ex rel. *894 Guste v. City of New Orleans, 363 So.2d 678, 680 (La.1978); Country Club of Louisiana Property Owners Association, Inc. v. Dornier, 96-0898 (La.App. 1 Cir. 2/14/97), 691 So.2d 142, 144 n. 1.

. Louisiana Revised Statute 32:773 reads, in pertinent part:
A. No person, firm, or corporation, unless licensed to do so by the commission under the provisions of this Chapter, shall carry on or conduct the business of:
(1) A used motor vehicle dealer.
(2) A dealer in used parts or used accessories of motor vehicles.
(3) An auto dismantler and parts recy-cler.
(4) Used motor vehicle auctions and salvage pools that deal in used motor vehicles.
(5) Any person, partnership, corporation, or other entity dealing in motor vehicles who is not licensed by the Louisiana Motor Vehicle Commission.
(6) A dealer in marine products.
(7)(a) A manufacturer or distributor, who holds a current contract, selling, or franchise agreement with a licensed new motorcycle, all terrain vehicle, marine, trailer, motor home, or bus dealer.
(b) Upon application for license or renewal, the manufacturer or distributor shall furnish the commission with a list of all current dealers and shall notify the commission within thirty days of any cancellations or additional contract, selling, or franchise agreements granted.
(8)Any manufacturer or distributor sales representative; however, the provisions of this Subsection shall not apply if the manufacturer is also the dealer and both operations are conducted at the same location. Multiple locations shall not be exempt.

. Louisiana Revised Statute 32:778 reads:
The provisions of this Chapter shall not apply to any person, partnership, corporation, or other entity that is licensed or regulated by the Louisiana Motor Vehicle Commission. If any provision of this Chapter conflicts with any provision of Chapter 6 of Title 32 of the Louisiana Revised Statutes of 1950, the provisions of Chapter 6 of Title 32 of the Louisiana Revised Statutes of 1950 shall prevail.

. Louisiana Revised Statute 32:1252(13) reads, in pertinent part:
"Motor vehicle” means any motor driven car, van, or truck required to be registered which is used, or is designed to be used, for the transporting of passengers or goods for public, private, commercial, or for hire purposes; but does not include those vehicles which are commonly known as motor homes, mobile homes, trailers, semitrailers, boat trailers, or motorcycles. (Emphasis added.)

. Louisiana Revised Statute 32:771(12) reads:
"Motor vehicle” means any motor driven car, van, or truck required to be registered which is used, or is designed to be used, for the transporting of passengers or goods for public, private, commercial, or for hire purposes and includes new and used motor homes, new and used motorcycles, new and used all-terrain vehicles, new and used recreational trailers, new and used boat trailers, and new and used semitrailers. (Emphasis added.)
Louisiana Revised Statute 32:771(15) reads, in pertinent part:
For purposes of this Chapter a "used motor vehicle” includes new and used motor homes, new and used motorcycles, new and used all-terrain vehicles, new and used recreational trailers, new and used boat trailers, and new and used semitrailers. (Emphasis added.)